James A. BRADLEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7501.

Court of Appeals of Alaska.

Jan. 12, 2001.

Sharon Barr, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Maarten Vermaat, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

OPINION

MANNHEIMER, Judge.

We are asked to decide whether an attorney who served as a law clerk for this court last year, while this appeal was pending, may now represent the State of Alaska in this appeal.

Alaska Appellate Rule 104 forbids appellate court law clerks from practicing law while they serve as law clerks, and it also restricts their ability to practice law after their clerkship ends. The rule forbids former law clerks from "ever participat[ing], by way of any form of professional consultation or assistance, in any case which was pending in [their] court ... during the period [of their employment]."

The attorney representing the State of Alaska in this appeal, Maarten Vermaat, was employed as a law clerk to Chief Judge Coats during the 1999–2000 clerkship year. This appeal was filed on October 7, 1999, and thus it was pending during Mr. Vermaat's clerkship. However, in accordance with Court of Appeals internal operating procedures, the appeal was not assigned to a judge until after the appellee's brief was filed—in this case, late October 2000. By that time, Mr. Vermaat's clerkship had ended and he had begun work for the State (in the Office of Special Prosecutions and Appeals). Indeed, Mr. Vermaat is the author of the appellee's brief.

The State asks us to accept its brief and let Mr. Vermaat represent the State in this appeal notwithstanding his prior service as a law clerk. Mr. Vermaat has filed an affidavit declaring that he "had no contact with any of the pleadings" in this appeal and that he "did not discuss any aspect of this case with any judge, secretary, law clerk, or [other] court system employee". The Public Defender Agency (representing the appellant, James Bradley) has notified this court that it does not oppose the State's request.

■ Even though Mr. Vermaat had no connection to this case during his clerkship year, and even though the opposing party has no objection to Mr. Vermaat's participation, Appellate Rule 104 seemingly establishes an inflexible rule of disqualification under these circumstances. Bradley's appeal was pending during Mr. Vermaat's clerkship and thus, according to the rule, Mr. Vermaat is barred from "ever participat[ing], by way of any form of professional consultation or assistance, in [the] case".

■ The State argues that we should interpret the word "pending" in the narrow sense of "ripe for decision", or at least "ripe for judicial attention" (e.g., ready for preparation of a law clerk's memo in anticipation of oral argument). In other words, the State urges us to interpret Rule 104 so that it applies only to appeals in which the briefing was completed during the law clerk's tenure.

We reject this interpretation of the rule. As the State acknowledges in its motion, the word "pending" normally refers to all cases that are before the court and that remain undecided. An appeal is "pending" even though no judge or law clerk is actively working on it.

Moreover, from time to time, cases will require judicial attention before the briefing is complete and the case is assigned to a judge. The present appeal is a good example: this court must decide a significant legal issue in order to determine whether to accept the State's brief. It is certainly conceivable that, in such situations, this court or one of its members might call upon a law clerk to research or otherwise assist in the decision of the pre-assignment legal issue. If we were to construe Rule 104 as applying only to cases that are ripe for decision, the rule would not cover this type of situation—and thus, it would not fully achieve the purpose of barring former law clerks from later working on any case in which they personally participated during their clerkship.

■ But although Bradley's appeal was "pending" (for purposes of Appellate Rule 104) during Mr. Vermaat's clerkship, we nevertheless conclude that Mr. Vermaat is not

disqualified from representing the State in this appeal. We reach this conclusion because we believe that Rule 104 no longer accurately embodies the Alaska Supreme Court's policy on this issue.

The rule codified in Appellate Rule 104 has remained essentially unchanged since statehood. This rule—*i.e.*, the ban on law clerks' post-employment practice of law in cases that were pending before the court during their clerkships—was originally enacted in 1959 as Appellate Rule 5.[1] When the supreme court re-codified the Appellate Rules in 1980, this ban was placed in Appellate Rule 104 without substantive change.[2] Since then, Rule 104 has been amended only once—in 1994, to make its wording gender-neutral.[3]

But though the rule codified in Appellate Rule 104 has remained essentially unchanged for the past forty years, the Alaska Supreme Court recently codified a much different approach to disqualification arising from prior judicial service. In 1993, the supreme court enacted the current version of Alaska's Rules of Professional Conduct—the ethical rules governing the practice of law in this state. One of those rules, Rule 1.12, specifically addresses the problem of a former law clerk's serving as a lawyer in a matter that was pending before the court during the law clerk's tenure. Professional Conduct Rule 1.12 differs from Appellate Rule 104 in two important ways.

First, unlike Appellate Rule 104, Professional Conduct Rule 1.12 does not prohibit law clerks from later participating in any case pending before their court during their clerkship. Instead, Rule 1.12(a) codifies a narrower rule of disqualification:

[A] lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, . . . or law clerk to such person, unless all parties to the proceeding consent after consultation.

Under Professional Conduct Rule 1.12, a law clerk is not disqualified from later serving as a lawyer in a matter that was pending before the court unless the law clerk "participated personally and substantially" in that matter during their clerkship. The Commentary to Rule 1.12 expressly states that the phrase "personally and substantially" was meant to embody the concept that a member of a multi-judge court would "not [be] prohibited from [later] representing a client in a matter pending in [that] court [if] the former judge did not participate."

Although this portion of the commentary speaks of a "former judge" who did not personally participate in a case, Rule 1.12(a) applies equally to judges and law clerks. Moreover, we can discern no reason why the rule should impose a greater restriction on former law clerks than it places on former judges.

1. *See* Supreme Court Order No. 1. As originally enacted, Appellate Rule 5 read:

   No one serving as a law clerk or secretary to a member of this court shall practice as an attorney or counsellor in any court while continuing in that position; nor shall he after separating from that position practice as an attorney or counsellor in this court, or permit his name to appear on a brief filed in this court, until one (1) year shall have elapsed after such separation. *He shall never participate, by way of any form of professional consultation and assistance, in any case that was pending in this court during the period that he held such position.* (emphasis added; two extraneous commas removed)

   The rule was amended in 1970. *See* Supreme Court Order No. 112. The court made one substantive change: deleting the one-year ban on former law clerks' practicing law in front of the supreme court. Aside from that, the pertinent changes to the rule were stylistic:

   No one serving as a law clerk, secretary, or other full-time officer or employee of this court or of a justice of this court shall engage in the private practice of law while continuing in that position; *nor shall he ever participate, by way of any form of professional consultation or assistance, in any case which was pending in this court during the period that he held such position.* (emphasis added)
   (In the 1970s, this rule was renumbered from Rule 5 to Rule 4.)

2. *See* Supreme Court Order No. 439. *See also* the commentary to the Draft Revised Rules of Appellate Procedure (revision of August 28, 1980) prepared by former Clerk of the Appellate Courts Robert D. Bacon. Mr. Bacon's comment to Appellate Rule 104 declares that Rule 104 incorporates the former rule "without substantive change".

3. *See* Supreme Court Order No. 1153.

Rule 1.12(a) differs from Appellate Rule 104 in a second way. Under Rule 1.12(a), even when the former law clerk did participate personally and substantially in the matter, the other parties to the proceeding may waive the law clerk's disqualification. In this respect, Professional Conduct Rule 1.12 is similar to Alaska Judicial Conduct Canons 3(E)(1)(b) and 3(F)(1)—canons which, read in conjunction, allow the parties to a lawsuit to waive a judge's potential disqualification arising from the judge's prior participation as a lawyer in the matter. We note that AS 22.20.020(b) allows similar waivers of potential judicial disqualification.[4]

We do not say that Appellate Rule 104's rule of blanket disqualification is unreasonable or unworkable. But that rule is forty years old, and it is inconsistent with the supreme court's later pronouncement on this same subject in 1993, embodied in Professional Conduct Rule 1.12(a).

We also take judicial notice that, for the past twenty years, this court has entertained and granted motions to relax Appellate Rule 104 under the circumstances presented in this appeal. That is, this court has allowed former law clerks and other full-time officers of the court (*e.g.*, a former Clerk of the Appellate Courts) to appear as attorneys in appeals that were pending during their employment if (1) they did no substantive work on the case and (2) their opponent(s) did not object.

Previously, our rulings on these motions have been issued in the form of cursory, unpublished orders, with little or no explanation of the legal basis for those rulings. The problem with our practice of issuing these rulings in a series of unpublished orders is that it tends to create a form of "secret" law—a rule known only to those attorneys and agencies who have sought relaxation of Appellate Rule 104, or who know someone who did. Because Appellate Rule 104 is being applied as if it incorporated the terms of Professional Conduct Rule 1.12, we have an obligation to publicly say so.

For these reasons, we conclude that Mr. Vermaat's participation in this litigation is governed by the rules set forth in Professional Conduct Rule 1.12 rather than the blanket prohibition contained in Appellate Rule 104. A former law clerk can appear as an attorney in a case that was pending in this court during their employment if either (1) the law clerk did not "participate[ ] personally and substantially" in the case, or (2) "all parties to the proceeding consent [to the law clerk's participation] after consultation".

When a former law clerk desires to appear as an attorney in a case that was pending in their court during their employment, the law clerk must file a motion seeking permission to appear, and the law clerk must support the motion with an affidavit that discloses all pertinent facts, including the positions of the other parties to the case, if known. This will ensure that there is a reviewable record of the circumstances, and it will also allow this court to oversee the process to make sure that Rule 1.12 is not abused.

Mr. Vermaat has filed such a motion, supported by an affidavit declaring that he had no contact with this appeal while he was serving as a law clerk for this court. We are aware of no facts to the contrary.

We acknowledge that Professional Conduct Rule 1.12(a) presents certain procedural difficulties when it is applied to multi-judge courts. For example, although a judge will know if he or she assigned work to a law clerk in a particular case, the judge may not know if one or more of their law clerks participated in the decision-making process in some other, less formal manner—for example, by taking part in a discussion among law clerks concerning a case assigned to another judge.

We presume that former law clerks will be candid when they file motions to participate in cases that were pending during their clerkships. Nevertheless, difficulties might arise if another party to the case opposes the

---

**4.** AS 22.20.020(b) allows the parties to waive the grounds of disqualification listed in 020(a)(5)-(6) (the judge's prior involvement as an attorney on behalf of, or against, a party) and 020(a)(8) (the prior involvement of the judge's former law firm in the matter). Indeed, these grounds of disqualification are waived if they are not affirmatively asserted.

law clerk's motion—either asserting that the law clerk did participate in the case or, alternatively, citing the obvious truth that the party has little or no way of verifying or disputing the law clerk's denial of "personal and substantial participation", since the court's internal decision-making process is confidential.

Because of these potential difficulties, we do not decide at this time how we would handle a former law clerk's motion to participate if another party to the appeal opposes the motion. But in this case, Bradley's attorney has declared that Bradley does not oppose Mr. Vermaat's motion. We therefore conclude, pursuant to Professional Conduct Rule 1.12(a), that Mr. Vermaat is not disqualified from participating as the State's lawyer in this appeal.

The State's motion to allow Mr. Vermaat to serve as its lawyer in this appeal is granted, the State's brief is accepted for filing, and this case shall proceed in a normal fashion.